**In re MASTERS, MATES & PILOTS PENSION PLAN AND IRAP LITIGATION.**

**Samuel A. KOVNAT, Third–Party Plaintiff,**

v.

**SCHNADER, HARRISON, SEGAL & LEWIS, Third–Party Defendant.**

**No. 85 Civ 9545 (VLB).**

United States District Court, S.D. New York.

Aug. 13, 1993.

Samuel A. Kovnat, third-party plaintiff pro se.

Bonnie M. Mitzner, Asst. Dist. Atty., Monticello, NY, for third-party defendant.

### MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

I

This third party complaint brought by the third party plaintiff Samuel A. Kovnat ("plaintiff") against the third party defendant law firm of Schnader, Harrison, Segal & Lewis ("defendant") constitutes the sole remaining aspect of the Masters, Mates & Pilots Pension Plan litigation other than a dispute between Republic Insurance Company and various other insurers. A global settlement of other aspects of the litigation became effective on December 7, 1992.

■ The defendant has moved for summary judgment pursuant to Fed.R.Civ.P. 56. This requires plaintiff in order for the third party complaint to survive the motion, to establish the existence of genuine issues of material fact by affidavits or other appropriate means. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Plaintiff's affidavit alleges that defendant was guilty of legal malpractice because of a duty of diligence owed to him as a non-client potential user of opinion letters issued by defendant. According to plaintiff, defendant should have known of ERISA violations by

entities for which it issued opinion letters that failed to mention such violations, and that plaintiff was adversely affected by failure to disclose such violations. Plaintiff's affidavit, however, provides no specific factual information which, if offered at trial (whether or not in admissible form) would either show that these allegations are true, or support a decision on the merits in favor of plaintiff.[1]

Consequently, I grant summary judgment for defendant dismissing plaintiff's third party complaint against it. In the alternative, should a trial on the third party complaint otherwise have been required, I would also dismiss it because of the absence of any remaining federal claims. See Parts II and III *infra.*

## II

■ Under Fed.R.Civ.P. 12(h), I am obligated to re-examine subject matter jurisdiction when the possibility of its absence is suggested. In this case, no complete diversity of citizenship combined with the requisite amount in controversy is claimed pursuant to 28 U.S.C. § 1332. No federal question cognizable under ERISA or any other federal statute or any treaty or constitutional provision is presented which might support jurisdiction under 28 U.S.C. § 1331 or any substantive law.

Subject matter jurisdiction over the third party complaint is accordingly claimed in the papers set forth as exhibits to plaintiff's affidavit as based on pendent jurisdiction, and on a potential federal common law of pension plans. No federal common law has been plausibly suggested which would extend to protection against reliance, if any, on an attorney's opinion which failed to mention possible violations of ERISA in a letter not purporting to deal with ERISA and not denying such possible violations.

Pendent jurisdiction existed at the time the third party complaint was filed in 1988. At that time, prior to the settlement effective December 7, 1992, the parent case, in relation to which the third party complaint was brought under Fed.R.Civ.P. 13, was still being litigated.

Once all federal claims have been dropped, *Eatz v. DME Unit of Local Union No. 3,* 973 F.2d 64, 67 (2d Cir.1992), indicates that at least as a general proposition, pendent state claims should likewise be dismissed. The present case differs from *Eatz* in that it involves an extremely large-scale and complex litigation to which plaintiff's individual third party complaint, relatively simple by comparison, was attached. Sound judicial administration would dictate complete adjudication of massive complex litigation, leaving no tag-along lawsuits, if this can be done without excessive consumption of judicial resources such as conduct of separate trials concerning orphan pendent claims.[2]

The objectives laid down by Fed.R.Civ.P. 1, sentence 2 ("the speedy, just and inexpensive determination of every action") would favor retaining the present matter rather than remitting the parties to an entirely new state court lawsuit, if but only if the present dispute involving alleged legal malpractice could be resolved in favor of either party short of trial.

## III

The Judicial Improvements Act of 1990, Public Law 101–650, 104 Stat. 5089, codified the former pendent jurisdiction doctrine in many respects by enacting 28 U.S.C. § 1367, defining "supplemental jurisdiction" of the district courts, and specifically providing that a related state claim "may" but by implication need not be dismissed if "the district court has dismissed all claims over which it

---

1. Plaintiff cannot rely on other unspecified information which may have been produced in various forms by other parties during the earlier complex litigation, and which may or may not be relevant to plaintiff's legal malpractice claim. No factual findings binding on defendant, holding defendant to have engaged in any relevant wrongdoing, are cited.

2. The present case also differs from *Eatz* in that the federal claims in *Eatz* were dismissed as a result of a finding of lack of subject matter jurisdiction. In the present case, the federal claims were concededly within the jurisdiction of this court and were settled with the approval of the court after hearing. In effect the *Eatz* litigation was sunk *in toto* without a trace, whereas the current case completed its voyage, leaving behind a small satellite boat.

has original jurisdiction." 28 U.S.C. § 1367(c)(3).

Section 1367 is directly applicable only to civil actions commenced on or after December 1, 1992. It is largely declaratory of pre-existing law. It constitutes persuasive authority concerning the reasonableness of an otherwise appropriate interpretation of pre-existing law. See *Eisen, Durwood & Co., Inc. v. Tolkien,* 794 F.Supp. 85, 87 (S.D.N.Y. 1992), *aff'd,* 990 F.2d 623 (2d Cir.1993) (explicit provisions of current copyright statute suggest reasonableness of proposed literal interpretation of 1909 Copyright Act); *Zendman v. Harry Winston, Inc.,* 305 N.Y. 180, 189 n. 3, 111 N.E.2d 871 (1953) (persuasive character of Uniform Commercial Code prior to formal enactment).

To the extent the persuasive authority of 28 U.S.C. § 1367 is applicable, for the reasons set forth in part II, I have exercised discretion to retain the present third party complaint to, and only to, the extent it could be resolved in favor of either party short of trial.

The Clerk is directed to close this matter.